**MELLINGER, SANDERS & KARTZMAN, LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
By:  Joseph R. Zapata, Jr., Esq.
jzapata@msklaw.net
Tel. (973) 267-0220
*Attorneys for the Trustee, Steven P. Kartzman*

|  |  |
|---|---|
| In re:<br><br>**JEAN GASKINS**,<br><br>　　　　　　　　　Debtors. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Case No. 15-20530 (RG)<br><br>Chapter 7<br><br>Honorable Rosemary Gambardella |
| **STEVEN P. KARTZMAN**<br>**as Chapter 7 Trustee**,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>**VARNELL LITTON**,<br><br>　　　　　　　　　Defendant. | Adv. Pro. No. |

**COMPLAINT TO AUTHORIZE A SALE OF PROPERTY OF THE ESTATE FREE OF CO-OWNER'S INTEREST PURSUANT TO 11 U.S.C. § 363(h) AND TO DISTRIBUTE PROCEEDS TO CO-OWNER PURSUANT TO 11 U.S.C. § 363(j)**

　　　　Steven P. Kartzman, the Chapter 7 Trustee (the "Trustee") for the estate of Jean Gaskins (the "Debtor"), with offices at Mellinger, Sanders & Kartzman, LLC, 101 Gibraltar Drive, Suite 2F, Morris Plains, New Jersey 07950, by and through his counsel, for his Complaint against Defendant Varnell Litton, states as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue of the Debtor's bankruptcy case in this district is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

4. Upon information and belief, Defendant Varnell Litton (the "Defendant") is an individual with a residence located at 62 Higginsville Road, Neshanic Station, NJ.

5. Plaintiff is the court-appointed Chapter 7 Trustee with a principal place of business at 101 Gibraltar Drive, Suite 2F, Morris Plains, New Jersey.

## BACKGROUND

6. On June 4, 2015 (the "Petition Date"), Jean Gaskins, (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

7. On June 5, 2015, Steven P. Kartzman was appointed to serve as the Chapter 7 Trustee with the duty, pursuant to 11 U.S.C. § 704 to, among other things, collect and reduce to money the property of the estate, to examine proofs of claim, and to object to the allowance of any claim which is improper.

8. As of the Petition Date, and since November 29, 1999, the Debtor owned real property located at 327-329 Martin Luther King Drive, Jersey City, New Jersey (the "Property"). The Property consists of a circa 1912 three story plus cellar, walkup mixed use building with two 1400 square foot retail units on the ground floor, occupied by a day care center owned and

operated by the Debtor, and four residential apartments above. One of the 4 apartments is occupied by a tenant, while the other 3 apartments are vacant.

9. On December 1, 1999, the Debtor conveyed title to the Property to herself and the Defendant.

10. The Debtor's interest in the Property constitutes property of the bankruptcy estate pursuant to Bankruptcy Code Section 541(a).

11. The Defendant has asserted an interest in the Property.

12. According to a Comparative Market Analysis obtained by the Plaintiff, the value of the Property is approximately $425,000. Moreover, the Trustee has entered into a contract for sale of the Property as a price of $425,000, subject to Court approval.

13. The Property is encumbered by a mortgage, tax sale certificates for the year 2014, and subsequent taxes. The mortgage, combined with the tax sale certificate and outstanding real estate taxes, totals in excess of $230,000.

14. The Defendant does not reside in the Property.

## **FIRST COUNT**

15. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

16. The Debtor's interest in the Property is property of the estate pursuant to 11 U.S.C. § 541(a).

17. The Defendant has an ownership interest in the Property as co-owner, along with the Trustee, although the extend of the Defendant's ownership interest has not been fixed to date.

18. Pursuant to 11 U.S.C. § 363(h), a trustee may sell the estate's interest and the interest of any co-owner in property in which the debtor had an undivided interest as a tenant in

common, joint tenant or tenant by the entirety at the time of commencement of the case, if: (1) partition in kind of such property among the estate and such co-owners is impracticable; (2) the sale of the estate's undivided interest in the property would realize significantly less for the estate than the sale of such property free of the interests of such co-owners; (3) the benefit to the estate of a sale of the co-owner's interest outweighs the detriment to such co-owner; and (4) the property is not used in the production, transmission or distribution for sale of electric energy or natural or synthetic gas for heat, light or power.

19. A partition of the Property, which is a mixed use building, is by definition impracticable.

20. The sale of the Trustee's interest in the Property would realize significantly less than the sale of the Property itself free and clear of the interests of the Defendant, as potential co-owner, given that potential purchasers do not want to be saddled with a stranger for a partner.

21. No significant detriment would be incurred by the Defendant as a result of a sale of the Property because the Defendant does not reside at the Property. The Defendant will receive the monetary equivalent of his interest pursuant to 11 U.S.C. § 363(j). The benefit to the estate from a sale outweighs any potential detriment that may inure to the Defendant, as the value of the building will be maximized and there is no detriment to the Defendant.

22. The Property is not used in the production, transmission or distribution for sale of electric energy or of natural or synthetic gas for heat, light or power.

WHEREFORE, Plaintiff requests judgment against Defendant, as follows:

(a) Authorizing the Trustee to sell the estate's interest and the interest of the Defendant in the Property pursuant to 11 U.S.C. § 363(h);

(b) granting such other relief as the Court may deem just and equitable.

## SECOND COUNT

23. Plaintiff Steven P. Kartzman, Trustee repeats and realleges the allegations of all of the preceding paragraphs as if fully set forth herein.

24. Pursuant to 11 U.S.C. § 363(j), the Trustee must distribute the proceeds from the sale of the Property to Defendant on account of and to the extent of Defendant's interest in the Property.

WHEREFORE, Plaintiff Steven P. Kartzman, Trustee, requests the entry of judgment against Defendant Varnell Litton as follows:

(a) Determining the extent of Defendant's ownership interest in the Property;

(b) declaring that any such distribution to the Defendant from the Trustee under 11 U.S.C. § 363(j) shall be the only payment or distribution Defendant is entitled to from the Trustee or the Bankruptcy estate on account of Defendant's interest in the Property;

(c) for such other relief as the Court may deem just and equitable.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to bring all other claims or causes of action that Plaintiff may have against the Defendant, on any and all grounds, as allowed under the law or in equity.

Respectfully submitted,

**MELLINGER, SANDERS & KARTZMAN, LLC**
*Attorneys for Plaintiff, Steven P. Kartzman*
*as Chapter 7 Trustee*

By:  /s/ Joseph R. Zapata, Jr.
     JOSEPH R. ZAPATA, JR., ESQ.

Dated: May 10, 2016